UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CELESTINE HOLLAND, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　　　　　v.<br><br>I.C. SYSTEM, INC.,<br><br>　　　　　　　　　Defendant(s). | Case Number: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1.　　Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, I.C. SYSTEM, INC. ("I.C. SYSTEM") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.　　Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

### DEFINITIONS

4.　　As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. I.C. SYSTEM maintains a principal office location at 444 Highway 96 East, St. Paul, Minnesota 55164. I.C. SYSTEM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

7. I.C. SYSTEM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

## STATEMENT OF FACTS

8. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. At some time prior to January 10, 2021, Plaintiff allegedly incurred a financial obligation to AT&T DIRECTV ("AT&T") in connection with a consumer account.

10. The AT&T obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

11. Plaintiff incurred the AT&T obligation by obtaining goods and services which were primarily for personal, family and household purposes and not for business use.

12. On or before January 10, 2021, the AT&T obligation was referred to I.C. SYSTEM for the purpose of collection.

13. At the time the AT&T obligation was referred to I.C. SYSTEM the AT&T obligation was past due and in default.

14. I.C. SYSTEM caused to be delivered to Plaintiff a letter dated January 10, 2021 (hereinafter "the letter"). A copy of the letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

15. The letter provided the following pertinent information regarding the balance claimed due on the AT&T obligation:

> Balance Due:  $653.66

16. The January 10, 2021, letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the January 10, 2021, letter.

17. Upon receipt, Plaintiff read the letter.

18. The January 10, 2021, letter stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make a request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor, if different from the current creditor.

19. This notice is mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice").

20. Defendant has an obligation under 15 U.S.C. § 1692g(a)(3) through (5) to accept either an oral (§ 1692g(a)(3)) or a written dispute (§ 1692g(a)(4)) from Plaintiff within the 30-day period described.

21. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing to Defendant within the 30-day period described.

22. These rights are mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice") of the FDCPA.

23. A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5), but also to convey each disclosure clearly.

24. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

25. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

26. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

27. The January 10, 2021, letter also stated in part, immediately after providing the 15 U.S.C. § 1692g(a)(3) through (5) notices that:

> If you feel you are or have been the victim of Theft of Identity, please call AT&T directly.

28. Defendant did not provide any contact information for AT&T.

29. Being a victim of "Theft of Identity" is a form of dispute that is available to Plaintiff and others similarly situated.

30. Plaintiff also has rights and Defendant has obligations related to identity theft pursuant to 15 U.S.C. § 1681m(g):

> **(g) Debt collector communications concerning identity theft.** If a person acting as a debt collector (as that term is defined in title VIII [15 USCS §§ 1692 et seq.]) on behalf of a third party that is a creditor or other user of a consumer report is notified that any information relating to a debt that the person is attempting to collect may be fraudulent or may be the result of identity theft, that person shall—
> **(1)** notify the third party that the information may be fraudulent or may be the result of identity theft; and
> **(2)** upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

31. Plaintiff and others similarly situated could legally report the dispute of "Theft of Identity" directly to the Defendant – either in writing or over the telephone.

32. Defendant's January 10, 2021, letter attempts to evade its obligation to accept a dispute from Plaintiff and others similarly situated related to identity theft and then attempts to delegate Defendant's obligation to the creditor – AT&T.

33. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

34. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

35. As a result of the conduct described herein, Plaintiff sustained a concrete, actual injury.

36. Defendant's January 10, 2021, letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

37. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false statements and representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

38. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

39. Defendant has, at all times relevant, treated the AT&T obligation as one covered by the FDCPA, thus conceding that it was a debt collector attempting to collect a debt allegedly incurred primarily for personal, family and household purposes.

40. I.C. SYSTEM knew or should have known that its actions violated the FDCPA.

41. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but it neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

42. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

      (b)    Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

43. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

45. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from I.C. SYSTEM (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

46. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2,

    redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether the Defendants violated various provisions of the FDCPA;

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

47. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

48. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

49. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

50. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. The AT&T obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

52. AT&T and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

53. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

54. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

56. Defendant's letter as described herein in connection with its communications to Plaintiff and others similarly situated by engaging in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

57. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

58. Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

59. As described herein, Defendant's letter violated 15 U.S.C. § 1692g et al.

60. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(4) and (5).

61. Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

62. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR TRIAL BY JURY

69. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 2, 2021

                                                */s/ Robert P. Cocco*
Robert P. Cocco, Esq.
I.D. No. 61907
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 827-5403 facsimile

# EXHIBIT A



## ACCOUNT SUMMARY

| | |
|---|---|
| Creditor: | ATT DIRECTV |
| Account No.: | 57037650 |
| I.C. System Reference No.: | 205519519-1-49 |

# CREDIT REPORTING REMOVAL

**BALANCE DUE:** $653.66

1/10/2021

Celestine Holland:

I.C. System, Inc. has investigated your recent dispute of information provided to the credit reporting agencies about the account referenced in the Account Summary section. We have been unable to verify the information reported and have requested that any information provided to the credit reporting agencies regarding this account be deleted or removed from their records. You may wish to review your credit report to ensure that your credit information has been properly updated.

Our attempts to verify this debt as due and owing will continue but the debt will not be re-reported to the credit reporting agencies by I.C. System, Inc.

This communication is from a debt collector.

### NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make a request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor, if different from the current creditor.

If you feel you are or have been a victim of Theft of Identity, please call AT&T directly.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

Toll-Free 866-798-4116

I.C. System, Inc. | 444 Highway 96 East |PO Box 64378 |St. Paul MN 55164-0378

1/1